UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NISHANT CHOUDHARY,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-01548-DAD-CKD (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING RESPONDENTS' MOTION TO DISMISS

(Doc. Nos. 7, 13)

Petitioner Nishant Choudhary is a former federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 26, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted. (Doc. No. 13.) Specifically, the magistrate judge found that due process required petitioner be provided with a pre-detention hearing prior to any re-detention. (*Id.*) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service. (*Id.*) On May 28, 2026, respondents filed their objections to the pending findings and recommendations. (Doc. No. 14.) Those objections are comprised of a single sentence stating that respondents object for the same reasons advanced

in their prior briefing, which does not provide a basis upon which to reject the pending findings and recommendations. (*Id.* at 1.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above,

1. The findings and recommendations issued on May 26, 2026 (Doc. No. 13) are ADOPTED IN FULL;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner unless they provide petitioner with notice and a pre-detention hearing before an immigration judge, at which hearing respondent will bear the burden of demonstrating that petitioner poses a flight risk or danger to the community by clear and convincing evidence;
3. Respondents' motion to dismiss (Doc. No. 7) is DENIED as having been rendered moot by this order granting petitioner's application for habeas relief; and
4. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **July 10, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE